IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ERMA EVANS                                                                                                    PLAINTIFF

VS.                                        CASE NO.  4:06CV00655 JMM

STATE FARM FIRE AND CASUALTY COMPANY                                    DEFENDANT

ORDER

Pending before the Court are plaintiff's Motion to Amend (#45), Motion to Compel (#43) and Motion for Sanctions (#44), and defendant's responses.  For the reasons stated below, the Motion to Amend is granted and the Motions for Sanctions and to Compel are denied.

Plaintiff brings her complaint contending that defendants have, without justification or a good faith basis, denied her insurance claim resulting from a fire which damaged her real and personal property.   Plaintiff seeks damages based upon an alleged breach of an implied covenant of good faith and fair dealing, slander, and breach of contract , emotional distress and bodily harm, bad faith, and negligence.

Plaintiff's Motion to Compel seeks the portion of defendant's claim file for the time period after suit was filed in January of 2002.  In particular, the motion states that defendant "met with the Davenports, who were the source of an anonymous call to State Farm concerning the barn burning down" and that based upon this statement, plaintiff is entitled to defendant's entire claim file.

Defendant contends that the relevant portion of the claims file was prepared in anticipation of litigation and that plaintiff has failed to show a substantial need for this material.

Defendant specifically points out that the Davenports are available to plaintiff and that plaintiff has actually deposed the Davenports.

Federal Rule of Civil Procedure 26(b)(3) provides materials prepared in anticipation of litigation or for trial are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent fo the materials by other means." Fed. R. Civ. P. 26(b)(3).

Plaintiff has failed to meet this test and the Motion to Compel is denied (#43).

The Motion for Sanctions is also denied as the circumstances occurring at the deposition of Bob Hamilton taken on December 12, 2006 do not rise to the level necessary for the imposition of sanctions. *See* Fed. R. Civ. P. 37(a)(4).[1]

The Motion for Sanctions is denied (#44).

Finally, plaintiff's Motion to Amend her Motion for Summary Judgment is granted (#45). The Clerk of the Court is directed to amend the Motion for Summary Judgment (#40) to include the relevant portions of deposition testimony of Bob Hamilton.

IT IS SO ORDERED THIS  8  day of   January  , 2007.

_____
James M. Moody
United States District Court

---

[1] The Court believes that federal procedural law is applicable to this issue. *See Dillon v. Nissan Motor Co., Ltd.,* 986 F.2d 263, 266-67 (8th Cir. 1993) (applied federal procedural law to spoilation issue without comment). However, it would make the same ruling under Arkansas law.