IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ERMA EVANS                                                                                                    PLAINTIFF

VS.                                          CASE NO. 4:06CV00655 JMM

STATE FARM FIRE AND CASUALTY COMPANY                                          DEFENDANT

**ORDER**

Pending before the Court are plaintiff's two Motions for Summary Judgment. For the reasons stated below, the motions are denied (#40, #52).

Plaintiff brings her complaint contending that defendants have without justification or a good faith basis, denied her insurance claim resulting from a fire which damaged her real and personal property. Plaintiff seeks damages based upon an alleged breach of an implied covenant of good faith and fair dealing, slander, and breach of contract , emotional distress and bodily harm, bad faith, and negligence.

Plaintiff's first Motion for Summary Judgment contends that Bob Hamilton's testimony that the only defense he had to plaintiff's lawsuit, as it relates to the personal property, was that plaintiff's failure to provide documentation prohibits defendant from raising any, and all, defenses other than the lack of documentation defense.

Plaintiff's second Motion for Summary Judgment contends that plaintiff's testimony that she provided documentation to support her claim establishes that there is no disputed facts, and that she is entitled to summary judgment on the issue of whether she provided documentation to defendant.

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir.2001); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Plaintiff as the moving party as the burden to show that the record does not disclose a genuine dispute on a material fact. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399 (8th Cir.1995).

Defendant has raised defenses of failure to properly document a claim, comparative fault, and breach of contract by plaintiff. Hamilton's testimony does not limit defendant's ability to raise any of these defenses. Moreover, the conflicting testimony of Hamilton and plaintiff on whether plaintiff properly documented her losses prohibits the grant of summary judgment.

The motions are denied.

IT IS SO ORDERED THIS   11   day of   January , 2007.

_____
James M. Moody
United States District Court