**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ERMA EVANS**                                                                           **PLAINTIFF**

**VS.**                          **CASE NO.  4:06CV00655 JMM**

**STATE FARM FIRE & CASUALTY COMPANY**                    **DEFENDANT**

**ORDER**

Pending before the Court are plaintiff's Motion for Order (#115), Motion to Alter Judgment (#116), Motion to Amend/Correct (#119), two Motions for Attorney's Fees (#121 and #128), and Motion for Bill of Costs (#123). For the reasons stated below the motions are granted in part and denied in part.

Plaintiff filed suit against defendant on May 17, 2006 in the Circuit Court of Saline County, Arkansas. Plaintiff sued to enforce an insurance policy for damages for "personal property loss, and additional contents, in the sum of $56,089.25 as well as damages for loss of use of the barn, together with a twelve percent (12%) penalty, attorney's fees, and other damages for the emotional strain and loss and injury to her reputation as described herein." Defendant removed the case to federal court on June 6, 2006

The jury trial began on March 12 and the jury reached a verdict on March 15, 2007. Before the jury returned its verdict, plaintiff amended her prayer to $44,581.71 for loss of contents of the barn based upon defendant's assertion of a setoff in the amount $11,507.54 and an additional $1,800.00 for loss of use of the barn for a total of $46,381.71

1

The jury returned a verdict in favor of plaintiff and awarded $38,489.99 in damages for the loss of the contents of the barn and $1,800.00 in damages for loss of use of the barn (loss of rent) for a total of $40,289.99,.

There was insufficient evidence to establish that the barn was used as a residence and the $1,800.00 jury verdict is set aside resulting in a total recovery of $38,489.99.

I. *Motion for Order, Motion to Alter Judgment, and Motion to Amend/Correct* (#115, #116, #119)

These motions seek the prejudgment interest through the date of the judgment, post-judgment interest, and twelve (12%) penalty on the sum of $38,489.99[1] pursuant to Arkansas Code Annotated § 23-79-208(a)(1).

"Arkansas law allows prejudgment interest 'where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that make it possible to compute the amount without reliance on opinion or discretion.'" *Harrod v. Farmland Mut. Ins. Co.* 346 F.3d 1184 (8th Cir. 2003) (citing *Woodline Motor Freight, Inc. v. Troutman Oil Co.*, 327 Ark. 448, 453, 938 S.W.2d 565, 568 (1997)).

After reviewing the complaint and evidence at trial, the Court finds that the amount of money due to plaintiff under the policy was not "definitely ascertainable" at the time of the loss nor has it become "definitely ascertainable" since the loss. Plaintiff's request for prejudgment interest is denied (#115, #116, #119).

---

[1]This motion also makes a request for attorney's fees and costs. The Court will address these issues by way of the two Motions for Attorney's Fees (#121 and #128), and Motion for Bill of Costs (#123) which expanded plaintiff's requests.

Ark.Code Ann. § 23-79-208 provides:

(a)(1) In all cases in which loss occurs and the ... insurance company ... fail[s] to pay the losses within the time specified in the policy after demand is made, the ... corporation ... shall be liable to pay the holder of the policy ... in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

* * *

(d) Recovery of less than the amount demanded by the person entitled to recover under the policy shall not defeat the right to the twelve percent (12%) damages and attorney's fees provided for in this section if the amount recovered for the loss is within twenty percent (20%) of the amount demanded or which is sought in the suit.

Here there is an initial dispute as to whether the amount recovered for the loss is within twenty percent (20%) of the amount demanded or which was sought in the suit.

Plaintiff amended her prayer outside the presence of the jury to seek $44,581.71 for loss of contents to the barn and $1,800.00 for the loss of use of the barn (loss of rent) for a total of $46,381.71.

Defendant contends, however, that plaintiff actually sought $48,994.91 by arguing this sum to the jury and that this is the figure the Court should use in determining if the twelve (12%) penalty should apply.

The Court finds that the correct figure to use in these calculations is the amended prayer of $46,381.71 which was made on the record outside the presence of the jury and reflected the defendant's request for credit for the set-off.  Because the Court has set aside the $1,800.00 award for loss of rent, the Court finds that the plaintiff recovered $38,489.99 in damages.  Using these calculations, plaintiff's recovered an amount within twenty percent (20%) of the amount

3

demanded.

Based upon the plaintiff's recovery and defendant's actions in processing plaintiff's claim, plaintiff is entitled to a 12% penalty of $4,618.80 (##115, #116, #119).

Plaintiff shall recover post-judgment interest on the jury's award of $38,489.99 damages on the loss of contents of the barn and the twelve (12%) penalty of $4,618.80 thereon at the rate of 5.24% per annum from the date of entry of judgment as provided by 28 U.S.C. § 1961 (#115, #116, #119).

II.  *Motions for Attorney's Fees and Motion for Bill of Costs* (#121, #128, #123).

Plaintiff's Motion for Attorney Fees and costs filed by plaintiff's counsels David Hodges and Lynn Davis are filed pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54.1, Arkansas Code Annotated § 23-79-208(a)(1), and 28 U.S.C. § 1920.

Federal Rule of Civil Procedure 54(d)(1) and (2) grant the court the ability to assess costs and attorneys' fees.[2]  *See also* 28 U.S.C. § 1920 (enumerating costs that are recoverable).

Arkansas Code Annotated § 23-79-208 provides for an award of "all reasonable attorney's fees for the prosecution and collection of [a] loss" in cases where an insurance company is liable for the loss and "fail[s] to pay the losses within the time specified in the policy after demand is made."  Under Local Rule 54.1 the Court may grant an allowance of reasonable attorney's fees to a prevailing party in appropriate cases.  *See* Rule for the United States District

---

[2]Rule 54(d)(2)(B) states that "if directed by the Court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made." In defendant's responses to the motions for attorney's fees filed by both counsel, it makes an alternative motion to compel disclosure of plaintiff's fee agreement pursuant to this rule. Based upon the documents before the Court which are sufficient to explain counsel's fee request, the Court declines to make such a request.

Court for the Eastern and Western District of Arkansas 54.1.

In determining the amount to award in attorneys' fees and costs pursuant to Ark. Code Ann. § 23-79-208, the appropriate factors to be considered by the Court are "1) the experience and ability of the attorney; 2) the time and labor required to perform the service properly; 3) the amount in controversy and the result obtained in the case; 4) the novelty and difficulty of the issues involved; 5) the fee customarily charged for similar services in the local area; 6) whether the fee is fixed or contingent; 7) the time limitations imposed upon the client in the circumstances; and 8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney." *Capital Life and Accident Insurance Co. v. Phelps*, 76 Ark. App. 428, 66 S.W.3d 678 (2002); *see also Fuller v. Hartford Life Ins. Co.*, 281 F.3d 704, 707 (8th Cir. 2002) (payment of associate attorney fees, paralegal fees, and travel expenses were allowed under § 23-79-208)*; Phelps v. U.S. Credit Life Insurance Co.*, 340 Ark. 439, 443, 10 S.W.3d 854 (2000) (Ark. Code Ann. § 23-79-208 allows reimburse for expenses and to compensate for engaging counsel).[3]

Taking into account these factor, the Court finds that attorneys' fees and costs are warranted. Plaintiff's counsel David Hodges rate of $190 is reasonable and consistent with the hourly rate of an attorney with his experience and for similar services in this area. However, his request for $ 42,615.40 will be reduced by $11,078.00 to eliminate fees for all work done on the punitive damages claim, the claim against Bob Hamilton, and the unsuccessful motions for summary judgment. After making these adjustments, plaintiff is awarded $31,537.40 in

---

[3]The Court also finds that attorney's fees would be assessed under the alternative statutes and rules advanced by the plaintiff.

attorney's fees for counsel David Hodges (#121).

Plaintiff's Counsel Lynn Davis's hourly rate of $190.00 is also reasonable based upon the test as set out above. His request for $37,365.00 will be reduced by $31,962.00 to eliminate any fees for hours spent on the state court case which was voluntarily dismissed in August of 2005, and refiled as the instant case in 2006, and for hours requested which correspond to those eliminated from Mr. Hodges request. After making these adjustments, plaintiff is awarded $5,403.00 in attorney's fees for counsel Lynn Davis (#128).[4]

The Court has reviewed the requests for costs and makes an award of costs in the amount of $839.10 (#123). These amounts are based upon the plaintiff's documentation regarding filing fees, witness fees, service of process fees, and the cost of copies of depositions used at trial. *See* 28 U.S.C. § 1920. The remaining costs are considered incidental to normal preparation of trial.

Judgment will be entered in favor of plaintiff and against defendant for a sum of $80,888.29 plus any post-judgment interest.

IT IS SO ORDERED THIS   12   day of   June , 2007.

_____
James M. Moody
United States District Judge

---

[4]Defendant contends that Davis is not entitled to any fees because he voluntarily withdrew from representing plaintiff and cites the Court to *McLaughlin v. Thweatt*, 196 Ark. 358, 118 S.W.2d 286 (1938). Were this the same situation, the Court would agree with defendant. However, based upon the documentation provided by Davis, the Court finds that while he did voluntarily withdraw, he did so based upon what he considered a legitimate ethical concern that he might be called as a witness in the case by defendant.